IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                 No. 2:10-cv-02438 WBS KJN PS

    v.

MARIA LOPEZ,

        Defendant.            ORDER

_____/

        Presently before the court is defendant's motion for leave to proceed without the prepayment of fees, or in forma pauperis. (Dkt. No. 2.) As discussed below, the undersigned will: (1) grant defendant's motion to proceed in forma pauperis, and (2) set a briefing schedule with respect to plaintiff's motion to remand to the Superior Court of California for Sacramento County ("Superior Court").

I.    BACKGROUND

        On May 11, 2010, plaintiff filed a Verified Complaint for Unlawful Detainer ("Complaint") in the Superior Court seeking to recover possession of the property at issue, which is alleged to be situated in the County of Sacramento. (Compl. ¶ 2, attached to Notice of Removal, Dkt. No. 1 at 12-15.) The Complaint alleges that plaintiff purchased the subject property at a trustee's sale that occurred in accordance with California state law, that plaintiff's

1

title pursuant to that sale has been perfected, and that plaintiff is entitled to immediate possession of the property. (Id. ¶¶ 4-5.) It further alleges that plaintiff provided defendant, who previously rented and still occupies the property, with notice to vacate the premises and deliver possession of the property within 90 days, and that defendant failed to vacate and deliver possession. (Id. ¶¶ 6-7.) Through this action, plaintiff seeks: (1) restitution and possession of the subject property, and (2) damages at a rate of $30.00 per day from May 10, 2010, until the date of entry of judgment for each day that defendant remains in possession of the property.[1] (Compl. at 3.)

On August 12, 2010, defendant removed this matter to the United States District Court for the Northern District of California, and that court eventually transferred the case to this district. (Dkt. No. 1.) Defendant removed this case pursuant to 28 U.S.C. § 1446(a), and asserted that this court has subject matter jurisdiction over plaintiff's claims pursuant to, in part, 28 U.S.C § 1331. (Notice of Removal at 1, 7.) Specifically, defendant asserts that this court has federal question jurisdiction based on the "Protecting Tenants Against Foreclosure Act of 2009," and contends that plaintiff "failed to provide the defendant with a 90 day notice to quit" that is purportedly required by that statute. (See Notice of Removal at 2-3.) Defendant's Notice of Removal also asserts that "[t]his action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(c)(1)."[2] (Notice of Removal at 7.) The Notice of Removal contains no specific allegations in support of defendant's claim that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Defendant filed her motion for leave to proceed in forma pauperis concurrently with her Notice of Removal. (Dkt. No. 2.)

On August 24, 2010, while the case was still pending in the Northern District of

---

[1] Plaintiff filed this action as a limited civil action in the Superior Court, and the caption of the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000." (Compl. at 1.)

[2] Defendant also claims that "[t]his Court has supplemental jurisdiction over all other claims asserted by plaintiff in accordance with 28 U.S.C. § 1367(a)." (Notice of Removal at 7.) However, plaintiff's Complaint states a single claim for unlawful detainer, and, thus, there do not appear to be "other claims" that would invoke the court's supplemental jurisdiction.

California, plaintiff filed and served on defendant a motion to remand this matter to the Superior Court, which argues that defendant has not and cannot establish the existence of federal subject matter jurisdiction. (See Dkt. No. 4.) That same day, United States Magistrate Judge Laurel Beeler signed an order transferring plaintiff's action to this court. (Dkt. No. 5.) Magistrate Judge Beeler did not address defendant's motion for leave to proceed in forma pauperis or plaintiff's motion for an order of remand.

II. DISCUSSION

　　A.　　Motion for Leave to Proceed In Forma Pauperis

　　　　Defendant's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). (See Dkt. No. 2.) Accordingly, the undersigned will grant defendant's request to proceed in forma pauperis.

　　B.　　Plaintiff's Motion to Remand

　　　　As noted above, plaintiff filed a motion to remand this matter to the Superior Court (Dkt. No. 4), which was not resolved while this case was pending in the Northern District of California. The undersigned will order that defendant file with the court, and serve on plaintiff, a written opposition or statement of non-opposition to plaintiff's motion, in accordance with Eastern District Local Rule 230, on or before October 14, 2010. Plaintiff may a file and serve a written reply brief on or before October 21, 2010. The court will not set a hearing on plaintiff's motion to remand at this time, but may do so if it determines that one is necessary.

III. CONCLUSION

　　　　Accordingly, IT IS HEREBY ORDERED that:

　　　　1.　　Defendant's motion for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

　　　　2.　　Defendant shall file and serve a written opposition to plaintiff's motion to remand, or statement of non-opposition, on or before October 14, 2010.

　　　　3.　　Plaintiff may file and serve a reply to defendant's opposition brief, if any,

1  on or before October 21, 2010.
2           4.      The court will set a hearing on plaintiff's motion for remand if it
3  determines that one is necessary.
4           IT IS SO ORDERED.
5  DATED: September 28, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE