IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                       No. 2:10-cv-02438 WBS KJN PS

    v.

MARIA LOPEZ,

    Defendant.              <u>ORDER</u>

_____/

        On September 29, 2010, the court entered an order: (1) granting defendant's motion for leave to proceed in forma pauperis, and (2) ordering defendant to file a written opposition to plaintiff's pending motion to remand this matter to state court, or a statement of non-opposition, on or before October 14, 2010.[1]  (Dkt. No. 11.)  The court's docket reveals that defendant has not filed an opposition or statement of non-opposition.

        Although defendant did not comply with the court's order, she did file, on October 15, 2010, a document entitled "Declination To Proceed Before A Magistrate Judge and Request for Reassignment To A United States District Judge."  (Dkt. No. 12.)  It appears that defendant might be laboring under the misconception that this filing constitutes compliance with

---

[1] The procedural history of this case is set forth in more detail in the court's order entered September 29, 2010.

the court's order that she file a written opposition or statement of non-opposition to plaintiff's motion to remand. It does not. Moreover, her declination of consent to the jurisdiction of the undersigned magistrate judge does not remove this matter from the jurisdiction of the magistrate judge, as jurisdiction over certain matters is conferred by 28 U.S.C. § 636(b)(1) and this court's Local Rule 302(c)(21), the latter of which states that in the Sacrament division of this court, "all actions in which all the plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive motions and matters."[2] Nevertheless, because it appears that defendant might be confused regarding the authority of the magistrate judge over her case, the undersigned will permit defendant a final opportunity to file a written opposition or statement of non-opposition to plaintiff's pending motion to remand.

In considering this court's orders, defendant should note that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Defendant should also note that "[d]istrict courts have inherent power to control their dockets," and in "the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

---

[2] Defendant is referred to the court's Local Rules generally, and Local Rules 300 through 305 specifically, regarding the scope of the magistrate judge's duties in civil matters.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file and serve a written opposition to plaintiff's motion to remand, or statement of non-opposition to the granting of the motion to remand, on or before December 9, 2010. Defendant's failure to file an opposition will be construed as a statement of non-opposition to plaintiff's motion and will result in a recommendation that plaintiff's motion be granted and this matter be remanded to state court.

2. Plaintiff may file and serve a written reply to defendant's opposition brief, if any, on or before December 23, 2010.[3]

4. The court will set a hearing on plaintiff's motion for remand if it determines that one is necessary.

IT IS SO ORDERED.

DATED: November 17, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] In filing an optional reply brief, plaintiff might consider addressing what impact, if any, 28 U.S.C. § 1345 has on this court's subject matter jurisdiction.

3