1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Plaintiff,                    No. 2:10-cv-02438 WBS KJN PS

12       v.

13   MARIA LOPEZ,

14            Defendant.                    FINDINGS AND RECOMMENDATIONS

15   _____/

16            Presently before the court is plaintiff's motion to remand this unlawful detainer

17   action to the Superior Court of California for the County of Sacramento ("Superior Court").[1]

18   (Dkt. No. 4.)  The undersigned previously set a briefing schedule regarding plaintiff's motion

19   (Dkt. Nos. 11, 13), and the parties have filed their respective briefs (Dkt. Nos. 14, 15).  Because

20   oral argument would not materially aid in the resolution of the pending motion, this matter is

21   submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local

22   Rul 230(g).  Having reviewed the briefs and record in this case, the undersigned recommends

23   that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court

24   _____

25        [1] This action proceeds before this court pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).
26

because this court lacks subject matter jurisdiction over plaintiff's single claim for unlawful detainer.

I.    BACKGROUND

On May 11, 2010, plaintiff filed a Verified Complaint for Unlawful Detainer ("Complaint") in the Superior Court seeking to recover possession of the property at issue, which is alleged to be situated in the County of Sacramento.  (Compl. ¶ 2, attached to Notice of Removal, Dkt. No. 1 at 12-15.)  The Complaint alleges that plaintiff purchased the subject property at a trustee's sale that occurred in accordance with California state law, that plaintiff's title pursuant to that sale has been perfected, and that plaintiff is entitled to immediate possession of the property.  (Id. ¶¶ 4-5.)  It further alleges that plaintiff provided defendant, who apparently had rented and still occupies the property, with notice to vacate the premises and deliver possession of the property within 90 days, and that defendant failed to vacate and deliver possession.  (Id. ¶¶ 6-7 & Ex. B.)  Through this action, plaintiff seeks: (1) restitution and possession of the subject property, and (2) damages at a rate of $30.00 per day from May 10, 2010, until the date of entry of judgment for each day that defendant remains in possession of the property.[2]  (Compl. at 3.)

On August 12, 2010, defendant removed this matter to the United States District Court for the Northern District of California, and that district court eventually transferred the case to this district.  (Dkt. Nos. 1, 5.)  Defendant removed this case pursuant to 28 U.S.C. § 1446(a), and asserted that this court has subject matter jurisdiction over plaintiff's claims pursuant to, in part, 28 U.S.C § 1331.  (Notice of Removal at 1.)  Specifically, defendant asserts that this court has federal question jurisdiction based on the "Protecting Tenants at Foreclosure Act of 2009," and contends that plaintiff "failed to provide the defendant with a 90 day notice to

---

[2]  Plaintiff filed this action as a limited civil action in the Superior Court, and the caption of the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000."  (Compl. at 1.)

1    quit" that is required by that legislation.  (See Notice of Removal at 2-3.)  Defendant's Notice of

2    Removal also asserts, in passing and without explanation, that "[t]his action is a civil action of

3    which this Court has original jurisdiction under 28 U.S.C. § 1332(c)(1)."[3]  (Notice of Removal

4    at 7.)  The Notice of Removal contains no specific allegations in support of defendant's claim

5    that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

6           On August 24, 2010, while the case was still pending in the Northern District of

7    California, plaintiff filed and served on defendant a motion to remand this matter to the Superior

8    Court, which argues that defendant has not and cannot establish the existence of federal subject

9    matter jurisdiction.  (See Dkt. No. 4.)  That same day, United States Magistrate Judge Laurel

10   Beeler signed an order transferring plaintiff's action to this court.  (Dkt. No. 5.)  Magistrate Judge

11   Beeler did not address defendant's motion for an order of remand.

12   II.    LEGAL STANDARDS

13          In relevant part, the federal removal statute provides:

14          (a) Except as otherwise expressly provided by Act of Congress, any civil
            action brought in a State court of which the district courts of the United

15          States have original jurisdiction, may be removed by the defendant or the
            defendants, to the district court of the United States for the district and

16          division embracing the place where such action is pending. . . .

17          (b) Any civil action of which the district courts have original jurisdiction
            founded on a claim or right arising under the Constitution, treaties or laws

18          of the United States shall be removable without regard to the citizenship or
            residence of the parties. Any other such action shall be removable only if

19          none of the parties in interest properly joined and served as defendants is a
            citizen of the State in which such action is brought.

20

21   28 U.S.C. § 1441(a), (b).  "The defendant bears the burden of establishing that removal is

22   proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th

23

24          [3] Defendant also claims that "[t]his Court has supplemental jurisdiction over all other
     claims asserted by plaintiff in accordance with 28 U.S.C. § 1367(a)." (Notice of Removal at 7.)
     However, plaintiff's Complaint states a single claim for unlawful detainer, and, thus, there are no

25   "other claims" that would invoke the court's supplemental jurisdiction. See Kelly v. Fleetwood
     Enters., Inc., 377 F.3d 1034, 1040 (9th Cir. 2004).  Accordingly, this purported basis for subject

26   matter jurisdiction fails and will not be addressed in any detail below.

3

Cir. 2009), cert. denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against

removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to

the right of removal in the first instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599

F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

(per curiam)).

III.    DISCUSSION

As noted above, defendant removed this action to federal court on the basis of this

court's federal question jurisdiction and diversity jurisdiction.  For the reasons that follow,

neither of these is a proper basis for removal, and the undersigned concludes that this court lacks

subject matter jurisdiction over plaintiff's claim.[4]

1.    Removal Premised on Federal Question Jurisdiction

District courts have federal question jurisdiction over "all civil actions that arise

under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises

under' federal law either where federal law creates the cause of action or 'where the vindication

of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

(citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

rule,' which provides that federal jurisdiction exists only when a federal question is presented on

---

[4]  The undersigned notes that a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,346 F.3d 1190, 1192 (9th Cir. 2003); accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1   the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091;

2   Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of

3   federal question jurisdiction is determined from the face of the complaint.").  "In determining the

4   existence of removal jurisdiction, based upon a federal question, the court must look to the

5   complaint *as of the time the removal petition was filed*.  Jurisdiction is based on the complaint as

6   originally filed . . . ."  Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002)

7   (citation and quotation marks omitted).

8            Here, plaintiff filed its Complaint in the Superior Court asserting a single claim

9   for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer

10  does not by itself present a federal question or necessarily turn on the construction of federal law,

11  no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.

12  Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12,

13  2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does

14  not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV

15  S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)

16  (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL

17  234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-

18  CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

19           Defendant argues that this court has subject matter jurisdiction over plaintiff's

20  claim because defendant's answer to plaintiff's Complaint points to plaintiff's violation of the

21  Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009)

22  (the "Act").  (Notice of Removal at 2-5, 72-73; Def's Opp'n to Mot. to Remand at 2 (arguing that

23  defendant has been discriminated against and thus plaintiff has violated federal law).)  Insofar as

24  plaintiff's argument is concerned, the Act provides protections to tenants who reside in properties

25  subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona

26  fide tenants.  See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at

1    *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

2              Federal courts have rejected attempts to premise federal subject matter jurisdiction

3    on the 90-day notice provision provided in the Act.  See Wescom Credit Union v. Dudley, No.

4    CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD

5    Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260

6    HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).  This rejection of

7    asserted jurisdiction is because such an argument is an attempt to premise this court's subject

8    matter jurisdiction on a defense or a counterclaim, which cannot establish a federal question

9    because such a defense or counterclaim does not appear on the face of the complaint.[5]  See

10   Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction

11   cannot "rest upon an actual or anticipated counterclaim"); Takeda v. Nw. Nat'l Life Ins Co., 765

12   F.2d 815, 822 (9th Cir. 1985); see also SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding

13   that unlawful detainer defendant's claim or defense based on the Protecting Tenants at

14   Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction); accord Ignacio, 2010

15   WL 2696702, at *2.

16             In short, no federal question is present on the face of plaintiff's Complaint.

17   Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

18   plaintiff's single claim for unlawful detainer brought pursuant to California law.

19        B.    Removal Premised on Diversity Jurisdiction

20             Defendant also removed this case on the basis of the court's diversity jurisdiction,

21   although she provided no factual basis for the existence of diversity jurisdiction.  District courts

22

23             [5]  Additionally, federal district courts have concluded that the Protecting Tenants at
     Foreclosure Act of 2009 does not create a federal private right of action, but provides directives
24   to state courts.  Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010
     WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished) (citing Fannie Mae v. Lemere, No.
25   S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (unpublished)
     (citing Nativi v. Deutsche Bank Nat'l Trust, No. 09-06096 PVT, 2010 WL 2179885 (N.D.Cal.
26   2010)); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL
     3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

It is defendant's burden to establish the existence of diversity jurisdiction.  Here, defendant has made no attempt to provide a factual basis for diversity jurisdiction.  Accordingly, the undesigned concludes that defendant has not met her burden, and diversity jurisdiction does not keep plaintiff's unlawful detainer claim in federal court.

IV.    CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiff's motion to remand (Dkt. No. 4) be granted and that this matter be remanded to the Superior Court of California, County of Sacramento, on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District

////

////

////

7

1   Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951

2   F.2d 1153, 1156-57 (9th Cir. 1991).

3                    IT IS SO RECOMMENDED.

4   DATED:  December 15, 2010

5

6                                        _____

7                                        KENDALL J. NEWMAN
                                         UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26